UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| SCOTT ZIRUS<br>*also known as*<br>KONCHOK TINGDZIN<br>WANGYAL,<br>Institutional ID No. 01640002<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER CARTER, *et al.*,<br><br>Defendants. | No. 1:22-CV-00191-H |

**ORDER ACCEPTING IN PART THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Scott Zirus is a Buddhist state prisoner incarcerated at the Texas Department of Criminal Justice (TDCJ) Robertson Unit. In his first amended complaint, Zirus sues three TDCJ officers—C.F. Hazlewood, Christopher Carter, and April Zamora— and "Unnamed Members of the TDCJ Religious Practices Committee" (collectively, Defendants), all in their official capacities only. Zirus claims Defendants are responsible for implementing various prison policies that unlawfully interfere with and burden his ability to exercise Buddhism in nine different ways, in violation of the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Proceeding pro se, he seeks declaratory and injunctive relief on several distinct factual grounds under 42 U.S.C. § 1983 and RLUIPA. *See* Dkt. Nos. 36, 46.

After screening Zirus's first amended complaint under 28 U.S.C. § 1915A,[1] the United States Magistrate Judge made findings, conclusions, and a recommendation (FCR). Dkt. No. 48. He recommends that Zirus be allowed to proceed with all but three claims. *Id.* at 38. Specifically, the Magistrate Judge recommends that the Court dismiss with prejudice Zirus's claims that: (1) TDCJ's policy prohibiting the purchase or use of meditation cushions violates his First Amendment rights; (2) TDCJ's policy that does not recognize or accommodate Uposatha as an official Buddhist fast day violates his rights under RLUIPA; and (3) TDCJ's policy prohibiting Buddhists from making outside purchases of traditionally and culturally appropriate food items to celebrate the Buddhist New Year violates his rights under RLUIPA. *Id.* Zirus filed objections to the recommendation that these claims be dismissed. Dkt. No. 49. As explained below, after reviewing Zirus's objections, the Court respectfully declines to adopt the Magistrate Judge's recommendation that the Court dismiss three of Zirus's claims. Instead, the Court finds that these claims are sufficient to survive screening and warrant a response from Defendants. And, after appropriate review, the Court accepts and adopts the unobjected-to portions of the FCR.

## 1. Legal Standard

If a party files written objections to the magistrate judge's report and recommendation, the district judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). In contrast, the judge reviews any unobjected-to

[1] Before this case was transferred here from the Southern District of Texas, the filing fee for this action was paid in full. However, it is unclear from the record whether Zirus paid the fee himself or a third party paid it on his behalf. Regardless, because the fee was paid and Zirus is a prisoner seeking redress from officers of a governmental entity, his first amended complaint is subject to screening under Section 1915A. *See* 28 U.S.C. § 1915A.

findings, conclusions, and recommendations for plain error. *See Duarte v. City of Lewisville, Tex.*, 858 F.3d 348, 352 (5th Cir. 2017) (citations omitted).

Parties filing objections must specifically identify those findings objected to. *See Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982). "Frivolous, conclusive or general objections need not be considered by the district court." *Id.* at 410 n.8.

## 2. Discussion

### A. Meditation Cushions

Zirus objects to the Magistrate Judge's finding, *see* Dkt. No. 48 at 22, that "it is implausible that TDCJ's prison policy [concerning mediation cushions] is unreasonable under [*Turner v. Safely,* 482 U.S. 78 (1987)]," which established a four-factor test for analyzing the validity of a prison policy or practice that impinges on a prisoner's constitutional rights. *See Adkins v. Kaspar*, 393 F.3d 559, 564 n.9 (5th Cir. 2002) (citing *Turner*, 482 U.S. at 89–90)); *see also* Dkt. No. 49 at 1–4. In particular, Zirus contends that the Magistrate Judge erred by weighing the first and third *Turner* factors in favor of Defendants. Dkt. No. 49 at 1–4.

After conducting a de novo review of the portions of the FCR concerning this claim and considering Zirus's objections, the Court declines to accept the Magistrate Judge's recommendation. Because this case is pending preliminary judicial screening under Section 1915A and Defendants have not been served or otherwise been afforded the opportunity to answer Zirus's allegations, they have not offered any reasonable basis for the challenged policies. Thus, the Court finds that applying *Turner* at the screening stage to conclude that Zirus failed to state a plausible claim for relief is premature and improper.[2] *See Johnson v. Jefferson Par.*

---

[2] In recommending that Zirus be allowed to proceed with his remaining constitutional claims challenging different TDCJ policies, the Magistrate Judge reached the same conclusion as the undersigned does here, citing *Johnson* and specifically noting that "TDCJ has not submitted any authenticated records through which the legitimate motives behind their policy decisions may have been asserted." Dkt. No. 48 at 19–

*Sheriff Off.*, No. 24-30295, 2025 WL 901682, at *3 (5th Cir. March 25, 2025) (citing *DeMarco v. Davis*, 914 F.3d 383, 389 (5th Cir. 2019)) (concluding that district court erred in dismissing at the initial screening phase a prisoner's First Amendment claim challenging a prison policy based on its application of *Turner* to conclude that certain concerns justified the policy, when defendant had not yet put forward the policy's rationale); *see also Winslow v. Smith*, No. 96-20454, 1996 WL 511958, at *1 (5th Cir. Aug. 22, 1996) (concluding that district court prematurely dismissed First Amendment claim challenging TDCJ regulation as frivolous before service on defendants); *Fountain v. Thaler*, 629 F. App'x 592, 594 (5th Cir. 2015) (concluding that district court erred in dismissing at the screening stage prisoner's First and Fourteenth Amendment claims challenging prison policy before defendant filed a responsive pleading and the record had not otherwise been sufficiently developed to determine whether the policy was reasonably related to a legitimate and neutral penological interest).

Liberally construing Zirus's allegations and accepting them as true, the Court concludes that he has stated a plausible First Amendment claim.

**B. Uposatha Observation**

In his first amended complaint, Zirus claims that TDCJ does not recognize Uposatha as an official Buddhist fast day or otherwise accommodate observing Buddhists with sack meals to break their fasts. Dkt. No. 36 at 9–11. He nevertheless fasts twice a month, which results in him losing two meals each month. *Id.*

---

22. The Magistrate Judge appears to distinguish the viability of this claim from Zirus's others on the ground that, unlike his other claims, Zirus specifically pleads facts to show that TDCJ presented a legitimate penological interest for its policy prohibiting meditation cushions. *See* Dkt. No. 48 at 22. The Magistrate Judge relies solely on Zirus's allegations that his step-two internal grievance concerning his request to purchase a meditation cushion was denied on the ground that one may present an unspecified safety and security risk. *See id*; *see also* Dkt. Nos. 36 at 8, 46 at 2. Even so, until Defendants put forward the specific rationale for the policy, the Court concludes that dismissal of this claim at the screening stage is premature, for the same reasons stated above.

Zirus objects to the Magistrate Judge's finding*, see* Dkt. No. 48 at 29–30, that he "has not plausibly alleged that TDCJ's policy substantially burdens his religious exercise," which was based solely on Zirus's admission that he that he continues to fast twice a month without an accommodation. *See id.*; *see also* Dkt. 49 at 4. Zirus appears to argue that the Magistrate Judge applied the wrong RLUIPA standard, insisting that he is not required to show that the policy prevents him from fasting, and reiterating that TDCJ's failure to accommodate this religious exercise with sack meals otherwise substantially burdens it. Dkt. No. 49 at 4.

After conducting a de novo review of the relevant portions of the FCR concerning this claim and considering Zirus's objections, the Court declines to accept the Magistrate Judge's recommendation. Although the Magistrate Judge cited the appropriate RLUIPA standard, *see* Dkt. No. 48 at 26–28, he does not address whether Zirus's allegations satisfy *Adkins v. Kasper*, 393 F.3d 559 (5th Cir. 2004).

In *Adkins*, the United States Court of Appeals for the Fifth Circuit determined that, for purposes of RLUIPA, a government action or regulation creates a substantial burden on a religious exercise when it either (1) influences the adherent to act in way that violates his religious beliefs; or (2) forces the adherent to choose between, on the one hand, enjoying some generally available, non-trivial-benefit, and on the other, following his religious beliefs. *See Adkins*, 393 F.3d at 570 (citations omitted).

The Magistrate Judge appears to have addressed the first *Adkins* prong only, concluding that "the fact that Zirus has not modified his religious practice at all, significantly or otherwise, suggests that TDCJ's policy does not exert any meaningful pressure on his observation of Uposatha." Dkt. No. 48 at 30. But the Magistrate Judge does not address Zirus's allegation that Buddhists traditionally observe Uposatha four times a month, or consider whether the policy influences Zirus's decision to observe it less frequently. Moreover, the Magistrate Judge

did not address whether Zirus's allegation that TDCJ's failure to accommodate his religious exercise with sack meals satisfies the second *Adkins* prong, which seems particularly relevant here.

Liberally construing Zirus's allegations and accepting them as true, the Court concludes that they plausibly show that the policy substantially burdens his religious exercise.

**C. Buddhist New Year Spend**

Lastly, Zirus objects to the Magistrate Judge's conclusion that he failed to plausibly allege that consumption of culturally appropriate food on Buddhist New Year comprises a religious exercise rather than a cultural practice. *See* Dkt. No. 49 at 4–5. He insists that the food accommodation is sought exclusively for a religious observation of a Buddhist holy day. *Id.*

After conducting a de novo review of the relevant portions of the FCR concerning this claim and considering Zirus's objections, the Court declines to accept the Magistrate Judge's recommendation. In his first amended complaint, Zirus alleges that, unlike Jewish inmates who are afforded special Passover food accommodations, TDCJ policy prohibits Buddhists from making outside purchases through approved vendors of traditionally and culturally appropriate food items to celebrate the Buddhist New Year, which he alleges is a TDCJ-recognized Buddhist holy day. Dkt. No. 36 at 18–19. Liberally construing Zirus's allegations and accepting them as true, the Court concludes that his allegations are sufficient to show that the food accommodation he seeks comprises a religious exercise.

**D. Remaining Claims**

The Magistrate Judge recommends that Zirus's remaining constitutional claims and RLUIPA claims survive screening. The Court has independently examined the record and reviewed the FCR concerning Zirus's remaining claims for plain error. Finding none, the Court

accepts and adopts the findings, conclusions, and recommendation of the Magistrate Judge concerning these claims.

**3. Conclusion**

For the foregoing reasons, the Court concludes that all of the claims raised by Zirus in his first amended complaint survive screening and warrant a response from Defendants.[3] However, the Court expresses no opinion on the viability or merits of his claims.

The Court will enter a separate order addressing service of process.

So ordered.

Dated October 23, 2026.

James Wesley Hendrix
United States District Judge

[3] The Office of the Attorney General of Texas (OAG) recently filed an *amicus curiae* advisory suggesting that dismissal of this action with prejudice may be appropriate under 28 U.S.C. § 1915(e)(2) because the allegation of poverty that Zirus made in his February 2, 2023 application to proceed *in forma pauperis*, which he filed over four months after the filing fee was paid for purposes of having officers of the court assist with service of process, "appears to have been untrue." Dkt. No. 50. Zirus filed a response made under penalty of perjury, insisting that a third party paid the filing fee on his behalf and that he never had custody or control over the funds that were used to pay the filing fee. Dkt. No. 51. After reviewing the pleadings on this matter and the applicable law, the Court is unable to determine from the current record whether Zirus made a false allegation of poverty. Regardless, because Zirus has not been granted permission to proceed as a pauper in this action under Section 1915, the Court finds that dismissal of this action under Section 1915(e)(2)(A) is not warranted.